JAMES TALCOTT, APPELLANT, v. JAMES R. C. FIELD
ET AL., APPELLEES.

[FILED MAY 18, 1892.]

</div>

Life Insurance: ENDOWMENT PLAN: POLICY IS SUBJECT TO
    CLAIMS OF INSURED'S CREDITORS. While, ordinarily, a policy
    of life insurance payable to the wife upon the death of her hus-
    band is not subject to be applied in payment of his debts, yet
    where the policy is in the form of an endowment, a certain sum
    to be repaid after a specified number of years, the transaction is
    in the nature of a loan, the insurance being a mere incident,
    and where the premiums have been paid by an insolvent debtor,
    the insurance money on such policy received by the wife during
    the lifetime of the husband is not transmuted so as to be hers
    as against creditors of the husband, but is subject to their
    claims.

ERROR to the district court for Gage county.    Tried
below before APPELGET, J.

*J. E. Cobbey,* for plaintiff in error, cited: *Burt v. Tim-
mons,* 2 S. E. Rep. [W. Va.], 781; *Seitz v. Mitchell,* 94 U.
S., 582; *Keller v. Mayer,* 55 Ga., 406; *Wells v. Smith,* 54
Id., 262; *Parker v. Bates,* 29 Kan., 597; *Edgerly v. Greg-
ory,* 17 Neb., 348; *Wortman v. Price,* 47 Ill., 22; *Carter
v. Martin,* 15 S. W. Rep. [Ky.], 663; *Elijah v. Taylor,* 37
Ill., 247; *Coon v. Rigden,* 4 Colo., 275; *Quidorts' Adm'x
v. Pergeaux,* 18 N. J. Eq., 472; *Sober v. Standart,* 20 Atl.
Rep. [Pa.], 405; *Bank v. Sprague,* 20 N. J. Eq., 13;

*Commonwealth v. Fletcher*, 6 Bush [Ky.], 171; *Martinez v. Ward*, 19 Fla., 175; *Feller v. Alden*, 23 Wis., 301; *Keeney v. Good*, 21 Pa. St., 355; *Chardavoyne v. Galbrath*, 1 S. Rep. [Ala.], 771; *Stennett v. Bradley*, 15 S. W. Rep. [Wis.], 467; *Hamill v. Augustine*, 46 N. W. Rep. [Ia.], 1113; *Penn v. Whiteheads*, 12 Gratt. [Va.], 74; *Glidden v. Taylor*, 16 O. St., 510; *Shay v. Dickson*, 15 Atl. Rep. [N. J.], 252; *Augusta Bank v. Crossman*, 7 Atl. Rep. [Me.], 396.

*A. H. Babcock*, and *A. D. McCandless*, contra:

The proceeds of a policy payable to the wife cannot be touched by the creditors of the insured. (*Bank v. Hume*, 3 Mackey [Dist. of Col.], 384; *Goodrich v. Treat*, 3 Colo., 408; *McCutcheon's Appeal*, 99 Pa. St., 133; May, Ins., 599.) As to the pleadings: *Ockendon v. Barnes*, 43 Ia., 615; *Cummings v. Thompson*, 18 Minn., 246; *Clark v. Dayton*, 6 Neb., 192; *Voorhees v. Bonesteel*, 16 Wall. [U. S.], 31; *Arnold v. Baker*, 6 Neb., 136; *Davis v. Dycus*, 7 Bush [Ky.], 4; *Clark v. Van Reimsdyk*, 9 Cranch [U. S.], 160; *Hughes v. Blake*, 6 Wheat. [U. S.], 468. The marital relation does not disqualify a husband from becoming the agent of his wife, and he may give her his labor and skill without rendering her property liable. (*Voorhees v. Bonesteel*, 16 Wall. [U. S.], 16; *Buckley v. Wells*, 33 N. Y., 518; *Knapp v. Smith*, 27 Id., 277; *Gage v. Dauchy*, 34 Id., 296; *Abbey v. Deyo*, 44 Barb. [N. Y.], 381; *Aldridge v. Muirhead*, 101 U. S., 399; *Tresch v. Wirtz*, 34 N. J. Eq., 129; *McMurtry v. Brown*, 6 Neb., 376; *Edgerly v. Gregory*, 17 Id., 349; *Broadwater v. Jacoby*, 19 Id., 80; *Morrison v. Berry*, 42 Mich., 393; Wait, Fraud. Con., secs. 303, 304.)

Maxwell, Ch. J.

This action was brought by the plaintiff against the defendants in the district court of Gage county to subject

certain property to the payment of his judgment. The court below found the issues in favor of the defendants and dismissed the action. The only testimony in the case bearing upon the questions in controversy is that of Field and wife, and is far from satisfactory. It appears that several years ago Field & Bro. were conducting a notion store in Rock Island and seem to have been in business for many years; that the stock was worth about $20,000; that an uncle of the partners had sold them the stock some fourteen years before, taking a chattel mortgage thereon which he had kept alive; that he had indorsed for the partners and signed notes with them: these transactions are neither fully nor clearly set out; that Field possessed a dwelling house of about the value of $4,500, upon which were two mortgages, in the aggregate about $2,500; that the uncle took possession of the store under his mortgage and seems to have been paid in full; that a compromise was effected with a number of other creditors at thirty-two and one-half cents on the dollar, but the plaintiff refused to accept this amount and recovered judgment on his debt, which seems to have been incurred just before the failure of Field & Bro.; that in 1889 he brought an action in this state on the judgment and recovered judgment thereon for the sum of $3,016.39, upon which an execution was issued and returned unsatisfied. It also appears that the mortgages on the dwelling house in Rock Island were foreclosed and the property purchased by the mortgagee, the mother of Mrs. Field, and by her conveyed to the latter; that this house was afterwards sold for $4,250, and the money invested in the land in controversy. It also appears that the husband had taken out a fifteen-year endowment policy on his life in favor of his wife; that he paid the premiums, and at the expiration of the fifteen years she received $2,040, which it is claimed was invested in live stock to be referred to presently. The husband is also engaged in the coal business at Beatrice in his wife's name.

In the fourth paragraph of her answer the wife alleges: "This defendant further admits that at the commencement of this action she owned the following real and personal property: The north half of section 21, in township 1 north, of range 5, and the southwest quarter of the southeast quarter of section 16, in said township and range, of the value of about $6,000, upon which real estate there is a mortgage of $3,500 unpaid and not yet due, drawing interest at seven and one-half per cent per annum; and the following personal property, viz. : About 33 head of horses and colts worth about $1,300; about 77 head of cattle worth about $1,500; about 50 head of hogs worth about $200. This defendant alleges that the said defendant James R. C. Field has no right, title, or interest in said property, or any part thereof, at the commencement of this action or any time since, and that this defendant did not at said date, or at any other time since, hold the title to the property in the petition described in trust for the defendant James R. C. Field in whole or in part, and denies that said property, or any part hereof, is kept in her name for the purpose of defrauding the plaintiff in the collection of his judgment, but on the contrary alleges that all property in her name and held by her and described in plaintiff's petition is her own separate estate owned by her by absolute title, and not acquired from her said husband by gift, grant, sale, or otherwise.

It also appears that the husband has had full and absolute control of the business of his wife and without compensation or an agreement therefor has given her the benefit of his time and labor. The effect has been that the wife has prospered while the creditors of the husband have been compelled to look on at a distance.

A policy of life insurance is a contract in consideration of certain payments to the insurer, for which it undertakes to pay a certain sum upon the death of the person whose life is insured. (3 Kent, Com., 366.) Under the endowment

plan, however, the insurer undertakes, upon the payment of a certain amount, to pay the insured, or such person as he may designate, a certain specified sum in a given number of years. It is more like an investment than insurance, the latter being a mere incident and not the main purpose of the transaction. Now it may be conceded that where a reasonable amount of insurance is effected upon the life of a husband, the sole object being to provide a fund for the support of a beneficiary in case of the death of the insured, that such fund will not ordinarily be liable for his debts. Where, however, the money, or a considerable portion of it, is to be repaid in his lifetime, the transaction partakes more of the character of a loan. On principle the insured might deposit the premiums in a bank on time certificates drawing interest and at the end of fifteen years draw the same with accrued interest. Such funds remain the property of the debtor. So in case of an endowment policy. The transaction is simply one of contract in which the insurer promises after a certain date to repay the insured the amount agreed upon. Now, suppose the money so invested belongs to the debtor, and which should be applied to the payment of his debts, the mere act of filtering it through the insurance company will not transmute it so that it becomes the property of the beneficiary free from the claims of creditors. If so, it would afford an easy mode of evading the law, and no stronger illustration is required than the case under consideration. If a debtor's property may be given to his wife in the way proposed, free from the claims of creditors, then our attachment and other laws for the collection of debts are wholly deficient and ineffectual to protect the rights of creditors. But the laws spoken of are not defective, nor is the property in question free from their claims. It is very clear that the money derived from the insurance company, with which the live stock in question, was purchased, was the property of the husband and not of the wife, and is liable for

his debts. In May on Insurance, sec. 458, it is said: "An endowment policy, however, is a part of his estate and subject to his debts." (*White v. Smith,* 2 Tex. Civil Cases, 400–401.) It is very clear, also, that the increase in value of the real estate has been very largely brought about by the labor of the husband, and while as to her own property she may protect her rights therein, she cannot as against creditors claim the added value thereof which has resulted from the labor of her husband thereon. (*Glidden v. Taylor,* 16 O. St., 510.) Honesty and fair dealing lie at the foundation of all commercial prosperity and it is the duty of courts to require as far as possible the application of a debtor's property to the payment of his debts. If he is unfortunate—as he may be and still be honest—the law throws its protection around him by exempting his homestead and a certain amount of personal property, and this law is liberally construed by the courts. But it is not intended, nor will the courts sanction the concealment of a debtor's property in the name of another and thereby prevent its application to the payment of his debts. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.