CASE 15—EQUITY—JUNE 14.

# Keiser, et. al. v. Shaw, et. al.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

GARNISHMENT—FUND PAYABLE ANNUALLY DURING LIFE.—An ob-
ligation to pay a certain sum annually to the defendant during
her life is subject to garnishment in a proceeding in aid of exe-
cution after a return of *nulla bona.*

E. W. HAWKINS FOR APPELLANTS.

1. The liability of the vendees to the vendor for accruing annuities,
is too uncertain and intangible to become the subject of attach-
ment. Drake on Attachments, secs. 555, 551, 552, 559; Kramer
v. Bull, 16 Ky. Law Rep., 183; Baird, &c., v. Dietz, 11 Ky. Law
Rep., 759; Bridgeford v. Keenehan, 8 Ky. Law Rep., 268.
2. The plaintiffs failed to conform to the requirements of the stat-
ute on the subject of attachments. Maddox v. Fox, 8 Bush, 403;
Trabue v. Conners, 84 Ky., 283.

SAME COUNSEL IN A PETITION FOR A REHEARING.

1. The original action was to set aside the conveyances and subject
the land to plaintiff's claim; hence, the garnishment could not
reach the annuities which were accruing as the purchase price
of the land.
2. Plaintiff was not entitled to relief not suggested or asked in his
pleadings. Radford v. Southern Mut. Life Ins. Co., 12 Bush, 434;
Hansford v. Holdman, 14 Bush, 210; and, *a fortiori,* where the
relief granted was inconsistent with the relief prayed. Crow
v. O. & N. R. R. Co., 82 Ky., 134.

L. J. CRAWFORD FOR APPELLEE, MARIA HOLZ.

1. The description of the land in the petition was sufficient to per-
fect the lien; no description was necessary on the writ of attach-
ment. Civil Code, sec. 442; Trabue v. Conners, 84 Ky., 283.
2. This appeal is by the garnishees, as shown by the statement of·
appeal and the principal defendant can not complain of the
form of the judgment.

Keiser, et. al., v. Shaw, et. al.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The evidence in this case authorized the court to refuse to set aside the deed which Mrs. Keiser made her son William Gates for land, and also the one which she made to Munch and wife. In consideration of the payment of certain sums by the grantees, and the further consideration that her son William pay her $100 per annum during her life, and that Munch and wife would pay her a like sum per annum during her life, the deeds were made.

It is insisted that the $200 which was to be paid annually by the grantees to Mrs. Keiser is not subject to attachment by her judgment creditors, because it is too uncertain and intangible; that it is a contingent liability. The amount which the vendees will ultimately have to pay Mrs. Keiser is uncertain, because the time of her death can not be foretold. It is, however, certain that they are to pay $200 per annum, and that liability continues until her death, which is an event that is certain to happen. The liability of the vendees can not be terminated at their will. They can not prevent its enforcement. Hence their liability is fixed and certain. Their liability does not become fixed by a contingent event, but it is, however, to be terminated when a certain event happens. If the vendees had failed to pay the sums which they had severally contracted to pay Mrs. Keiser, the court could have, by appropriate proceedings, enforced them. The debt which the vendees owe Mrs. Keiser is no more intangible than any other chose in action. Counsel for appellants cites section 555, Drake, Attachm., to sustain his position. It is said by the author, in that section, "that, when it is contingent whether the garnishee will ever owe the defendant money, he can not be made liable." We think this is a well-settled doctrine. In

this case the parties are not to become indebted on the happening of any event, and they are indebted to the defendant, and their liability is to continue until the happening of an event. The court simply adjudged that the garnishees, the vendees, pay the $200 annually into court, to be applied to the payment of the creditors' debts, until they were paid, or until Mrs. Keiser's death, if it should sooner happen. The appellees had obtained a return of nulla bona. The appellee Mrs. Holz did not only try to have the deed which Mrs. Keiser had made set aside, but she sought to subject to the payment of her judgment choses in action, equitable and legal interests, etc. The fact that she did not succeed in having the deed set aside did not deprive her of the right to other relief sought. Snaw, in an amended petition, asked that the deeds be canceled. If that could not be done, then he asked that the sums due by William Gates and Munch and wife to Mrs. Keiser be subjected to the payment of his debt. The judgment is affirmed on original and cross appeals.