SIMON ROTHSCHILD & another *vs.* ROBERT A. KNIGHT,
assignee.

Hampden.    March 12, 1900. — May 15, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Writ of Error — Joinder of Issues of Law and Fact — Hearing by Single
Justice on Issues of Fact — Report — Jurisdiction acquired over Non-
resident by Attachment of Debt due him from Resident Debtor — Submission
to Jurisdiction by Voluntary Appearance — Amendments — Consent of At-
torney not of Record — Action for Forfeiture — Certificate of Witness —
Entry of Judgment.*

Issues of law and issues of fact may be joined in the pleadings upon a writ of error.

A single justice of this court may hear the evidence relative to issues of fact upon
a writ of error, and, if he chooses, may report the case to the full court.

An attachment by the trustee process of a debt due to a non-resident defendant from
a resident debtor gives jurisdiction to render a judgment which will be valid
everywhere as against the property attached, although the defendant has not
been served with process.

The voluntary general appearance in a personal action of a non-resident defendant
who has not been served with process gives jurisdiction to render a personal
judgment against him.

There is no necessary inconsistency between different counts of a declaration in an
action by the assignee of an insolvent debtor, the first of which is upon an ac-
count annexed for " goods delivered " to the defendant by the insolvent debtor,
the second of which alleges that the goods were conveyed to the defendant by
the insolvent debtor to prevent them from coming to his assignee in insolvency,
and the third of which alleges that the goods were so conveyed with a view to
give the defendant a preference, and there is no such irregularity or imperfection
as to affect the validity of a judgment for the plaintiff.

If amendments to pleadings have been regularly allowed by the court with the con-
sent of the duly authorized attorneys of the adverse parties, the fact that an
attorney who consented to one of the amendments, although regularly employed,
did not enter his appearance of record until later is immaterial.

An action by the assignee of an insolvent debtor to recover the value of goods al-
leged to have been conveyed by the debtor to the defendant for the purpose of
giving him a preference and of preventing them from coming to the assignee is
not an action for the recovery of a penalty, but for the recovery of the value
of the goods conveyed in fraud of the laws relative to insolvency, and may be
commenced by the trustee process.

The allowance of fees to a witness in the taxation of costs upon a certificate signed
in his name by his duly authorized agent and not by his own hand, is not erro-
neous, and, if it were, it is at least doubtful whether the mistake could be taken
advantage of by a writ of error.

The entry of judgment charging trustees in the Superior Court, made by the clerk
on the first Monday of the month without a special order of the court, is in ac-
cordance with the statutes and the 27th rule of the court.

WRIT OF ERROR, to reverse a judgment of the Superior Court rendered in an action of tort brought by the defendant in error, as assignee in insolvency of one McKeon, against the plaintiffs in error, to recover the value of goods alleged to have been conveyed to them by the insolvent debtor in fraud of the laws relating to insolvency. The errors assigned were (1) that there was no valid and effectual attachment of the goods, estate, or effects of the plaintiffs in error; (2) that the action was an attempt to acquire jurisdiction of the plaintiffs in error, who are non-residents, by attaching a debt due to them in violation of their rights under the Constitution of the United States; (3) that the plaintiffs in error were not voluntarily before the Superior Court, and no service upon them personally or by publication, as ordered by the court, was shown; (4) that the judgment deprived the plaintiffs in error of their property in violation of the provisions of the Fourteenth Amendment to the Constitution of the United States; (5) that there was a joinder of separate, inconsistent causes of action in contract and tort without an averment that they were for one and the same cause of action; (6) that the verdict was ambiguous when read in connection with the declaration of the defendant in error, and did not support any count therein; (7) that there was no joinder of issue on the third count, and that it would not support a verdict; (8) that there was no authority for the filing, on June 21, 1897, of the amendment to the declaration of the defendant in error; (9) that the second count of the declaration of the defendant in error would not support the verdict; (10) that the amendments to the declaration of the defendant in error converted the action into an action for the recovery of a penalty in violation of the rights of the plaintiffs in error under the provisions of the Fourteenth Amendment to the Constitution of the United States; (11) that the declaration of the defendant in error contained counts for a penalty, and that a judgment thereon would be conclusive on the plaintiffs in error as to their liability therefor, and would, without further trial, subject their rights to such penalty, and that such attempt to acquire jurisdiction over their persons and property by the attachment by the trustee process of debts due to them by debtors in this Commonwealth was in violation of the provisions of the Fourteenth Amendment to the Constitution of the United States;

(12) that the defendant in error signed the certificate of attendance and travel of two witnesses, which is required by law to be signed by the witnesses themselves, and that the judgment for costs was erroneously made up from such informal certificate; (13) that the entry on the docket charging the trustees was made without the authority or order of the Superior Court; (14) that the writ was entered late without the consent of the plaintiffs in error or the order of the Superior Court; (15) that the defendant in error had affirmed the sale to the plaintiffs in error, and had waived all right, if any existed, to an action of tort; (16) that the judgment would impair the obligation of contracts in violation of the provisions of the Constitution of the United States; (17) that the Superior Court did not give full faith and credit to the judicial proceedings of courts of New York as required by the Constitution of the United States.

Pleas: (1) *In nullo est erratum* as to errors of law assigned; (2) a traverse of errors of fact assigned; (3) as to the third assignment of error, that, on July 8, 1896, it appearing that the plaintiffs in error were not inhabitants of this Commonwealth at the time of the service of the writ in the original action, and that they had no last and usual place of abode, nor any tenant, agent, or attorney known to the defendant in error, and that no personal service of the writ had been made upon them, the Superior Court issued an order of notice that the defendant in error give notice to the plaintiffs in error of the pendency of that action by publication or by personal service of the order returnable on the first Monday of September, 1896; that the defendant gave notice as ordered by the Superior Court, but by accident and mistake the affidavit of publication and service of the order of notice was not filed in the Superior Court until July 6, 1899; that the plaintiffs in error voluntarily appeared in the original action on September 16, 1896, and pleaded by their counsel, C. C. Spellman, Esquire, and later by additional counsel, and thereafter personally appeared and contested that action in the Superior Court, and, on exceptions, to this court, thereby submitting themselves to the jurisdiction of the Superior Court and of this court; (4) as to the eighth assignment of error, that the amendment to the declaration was indorsed as follows: " This may be filed and allowed, E. N. Hill, Defendants' Attorney "; that Hill orally appeared

for the plaintiffs in error, in the original action in the Superior Court, on June 21, 1897, and then requested the clerk to enter his appearance for them, and, as their attorney, tried the case for them ; and that when he consented to the amendment and when it was filed he had full authority to consent thereto; (5) as to the twelfth assignment of error, that the certificate of the two witnesses was signed in their names by Robert A. Knight, their duly authorized agent therefor ; (6) that no other errors have been assigned, except such as are matters of form, which might by law have been amended ; that no errors in law have been assigned which occurred after verdict; that the judgment was in conformity with the verdict, even although not in conformity with the pleadings ; that the constitutional rights of the plaintiffs in error have not been violated ; and that the record does not disclose a want of jurisdiction of the court.

Hearing in this court, before *Morton*, J., who reported the case for the determination of the full court, in substance as follows.

The fourteenth assignment of error was abandoned at the hearing. The plaintiffs in error moved that the defendant in error be required to elect between so much of his plea as alleged *in nullo est erratum* and so much as traversed the issues of fact. The judge denied the motion. If as matter of law the motion should have been granted, but, in any aspect of the case, the denial thereof was not prejudicial to the plaintiffs in error, they are to take nothing by their motion ; otherwise the report is to be discharged. and the case to stand for hearing anew. The plaintiffs in error are residents of the city and State of New York. The defendant in error is the assignee in insolvency of one McKeon, and the judgment which it is sought by this writ of error to reverse was obtained by him in an action of contract or tort against the plaintiffs in error to recover the value of goods conveyed to them by the insolvent debtor in fraud of the insolvent laws. The action, which was for the value of certain "goods delivered" according to an account annexed, was commenced by the trustee process in the Superior Court for Hampden County, in which the defendant in error and several of the alleged trustees lived. The defendants in that action, who are the present plaintiffs in error, being non-residents, notice of the action was

ordered to be given to them by publication, and the action was continued until such notice should be given. The notice, which was returnable on the first Monday of September, 1896, was given as ordered, but a return that it had been given was not made until July 6, 1899. On September 16, 1896, the defendants in that action appeared generally by their attorney, Charles C. Spellman, Esquire. On October 12, 1896, with the consent of the attorney for the defendants, an amendment to the declaration adding a second count was allowed, and on June 21, 1897, a second amendment adding a third count, with the consent of E. N. Hill, Esquire, as attorney for the defendants, was allowed. The judge found that Mr. Hill had been retained generally by the defendants, the present plaintiffs in error, and that by virtue of his general authority he could consent to the allowance of the amendment, although his written appearance was not entered until June 26, 1897.

The second count of the declaration alleged that McKeon, being insolvent, and in contemplation of insolvency and within six months before the filing of his petition in insolvency, conveyed the property described in the account annexed to the first count to the plaintiffs in error, they having reasonable cause to believe him to be insolvent and in contemplation of insolvency, with intent to prevent the property from coming to his assignee in insolvency or from being distributed under the laws relating to insolvency and to evade the provisions of such laws. The third count alleged that McKeon, being insolvent, and within six months before the filing of his petition in insolvency, with intent to give a preference to the plaintiffs in error, paid, pledged, assigned, transferred, and conveyed the property described in the account annexed to them, they having reasonable cause to believe him insolvent or in contemplation of insolvency, in fraud of the laws relating to insolvency.

Certain trustees answered, disclosing goods, effects, and credits in their hands, and were charged by an order entered by the clerk under a general order, and pursuant to the established practice.

The jury returned a verdict for the defendant in error, and judgment was entered for him, and execution issued thereon. Witness fees were included in the costs, and the certificate of

two witnesses was signed for them by the defendant in error, who, the judge found, was asked by each of such witnesses to sign for him, and did so, adding " by R. A. K." It did not appear that the plaintiffs in error had notice of the taxation of costs; and they did not object to the taxation prior to the issue of the execution, nor did they appeal from the taxation.

The judge was of opinion that the judgment should be affirmed, but the counsel for the plaintiffs in error suggesting a doubt as to his authority to dispose of the case in view of the peculiar nature of the proceedings, the judge reported the case for the consideration of the full court.

A transcript of the record of the case, in which it was sought to have the judgment reversed, was annexed to the judge's report; and the bill of exceptions therein contained made reference to certain judicial proceedings in the State of New York between the present plaintiffs in error and James McKeon, but it does not appear from the record that they were put in evidence at the trial of the present case.

*H. J. Jaquith*, for the plaintiffs in error.

*C. M. Rice*, (*R. A. Knight* with him,) for the defendant in error.

KNOWLTON, J. The proceedings at the hearing were correct. Under our present practice issues of law and issues of fact may be joined in the pleadings upon a writ of error. *Eliot* v. *McCormick*, 141 Mass. 194. A single justice may properly hear all the evidence on the issues of fact, and, if he chooses, report the case to the full court.

The questions principally discussed at the argument have been fully considered in recent cases of high authority, and decided adversely to the plaintiffs in error. There was an attachment in due form by trustee process of debts due the original defendants from debtors residing in this Commonwealth. Pub. Sts. c. 164, § 1; c. 183, § 1. Such an attachment gives jurisdiction to render a judgment which will be valid everywhere as against the property attached. *Ocean Ins. Co.* v. *Portsmouth Marine Railway*, 3 Met. 420. *Folger* v. *Columbian Ins. Co.* 99 Mass. 267. *Eliot* v. *McCormick*, 144 Mass. 10. *Cooper* v. *Reynolds*, 10 Wall. 308. *Pennoyer* v. *Neff*, 95 U. S. 714. *Freeman* v. *Alderson*, 119 U. S. 185. *Chicago, Rock Island, & Pacific*

*Railway* v. *Sturm*, 174 U. S. 710.   *King* v. *Cross*, 175 U. S. 396. *Cross* v. *Brown*, 19 R. I. 220.

The plaintiffs in error do not contend that the attachments would not be effectual to give jurisdiction against the property if real estate or specific goods were attached; but their principal contention is that a debt due from a trustee to a non-resident defendant cannot be effectually attached under the statute cited. This contention is answered as to the law of this Commonwealth by the first two cases cited in the last paragraph. The plaintiffs in error contend that the debts due them from debtors in Massachusetts were not property within this Commonwealth upon the attachment of which jurisdiction could be founded as against a non-resident on whom no service was made in this State, and they argue that the situs of the property was in the State of New York, where they resided. It is true that for most purposes the situs of credits follows the creditor, and that their situs for taxation, or for administration after the death of the creditor, is ordinarily in the place of his domicil; but so far as the question before us depends upon the situs of the debt, it must be held that the situs in reference to collection is in the place where proceedings may be had against the debtor. That which ought to be paid is presumably in the possession of the debtor, wherever he happens to be. The debt can be collected by law only in the place where jurisdiction of the debtor can be obtained. The creditor may go there to collect his debt. The situs of the debt, viewed as his property, follows him thither. The plaintiff in the trustee process represents the creditor's right. The question is, where the debt as property should be deemed to be situated in reference to process for collection. Practically it must be where the debtor is amenable to suit. This is the rule adopted by courts generally in the construction of statutes for the collection of debts by trustee process. Any other construction would leave these statutes ineffectual for the purposes for which they were enacted. In *Cross* v. *Brown, ubi supra,* the subject was considered at length with a citation of the authorities, and this conclusion was reached. In *Chicago, Rock Island, & Pacific Railway* v. *Sturm, ubi supra,* there was a discussion of the subject in reference to constitutional questions, with the same result, and in *King* v. *Cross, ubi supra,*

affirming the decision of the Supreme Court of Rhode Island in the same case under the name of *Cross* v. *Brown*, the doctrine was reaffirmed. These cases settle the validity of an attachment by trustee process as the foundation for a judgment against a debt due from the trustee to a non-resident who has not been served with process.

In the present case not only was there an attachment effectual to give jurisdiction to render the judgment against the defendant, but there was a voluntary general appearance by the original defendants which gave jurisdiction to render a personal judgment against them. They appeared by duly authorized attorneys in the usual way, and contested the case at all stages until judgment was rendered. That such an appearance gives jurisdiction without reference to service is familiar law. Pub. Sts. c. 167, § 82. *Loomis* v. *Wadhams*, 8 Gray, 557, 561. *Gilman* v. *Gilman*, 126 Mass. 26. *Wright* v. *Andrews*, 130 Mass. 149. *Eliot* v. *McCormick*, 144 Mass. 10: *Hazard* v. *Wason*, 152 Mass. 268. *Cooper* v. *Reynolds*, 10 Wall. 308, 317. *Pennoyer* v. *Neff*, 95 U. S. 714, 723, 731, 733.

Most of the other questions raised are sufficiently answered by the Pub. Sts. c. 187, § 3, which is as follows : " A judgment in a civil action shall not be arrested, or reversed for a defect or imperfection in matter of form which might by law have been amended; nor by reason of a mistake respecting the venue of the action ; nor because the judgment is not in conformity with the allegations of the parties, if it is in conformity with the verdict ; nor shall any error in law in a civil action in which the defendant appeared and a verdict was rendered, except such as occurs after verdict, be assigned in a writ of error. But nothing herein contained shall prevent either party from assigning an error affecting the jurisdiction of the court."

Apart from this statute, the writ cannot be maintained. There is no necessary inconsistency between the counts of the declaration, and no such irregularity or imperfection as to affect the validity of the judgment. If the original defendants had raised objections by demurrer, it may be that an amendment would have been necessary, but it is plain that the judgment is well supported by the declaration. *Hillman* v. *Whitney*, 2 Allen, 268. The amendments to the declaration were regularly allowed

by the court with the consent of the duly authorized attorneys of the original defendants. The fact that the attorney who consented to the allowance of one of the amendments, although regularly employed, did not enter his appearance of record until later, is of no consequence.

The action is not for the recovery of a penalty, but to recover the value of goods conveyed in fraud of the laws relating to insolvency, and it properly might be commenced by trustee process. Pub. Sts. c. 157, §§ 96–98; c. 183, § 1.

The allowance of fees to two of the witnesses in the taxation of costs, upon a certificate signed in their name by their duly authorized agent, was not erroneous. The Pub. Sts. c. 199, § 14, is not to be construed so strictly as to require that the certificate shall be signed by the witness with his own hand. If the taxation were erroneous in this particular it is at least doubtful whether the mistake could be taken advantage of by a writ of error. See *Goodrich* v. *Willard*, 11 Gray, 380.

The entry of the judgment by the clerk without a special order of the court was in accordance with the statutes, and the rule of the court which requires the entry of judgments under the general order of the court at stated times in all cases which are ripe for judgment. Pub. Sts. c. 171, § 1. St. 1885, c. 384, § 12. Rule 27 of the Superior Court. It does not appear from the record that any judgment of a court in the State of New York was put in evidence at the trial, and the only judicial proceedings in that State referred to in the papers are suits to which the defendant in error was not a party.

*Judgment affirmed.*