JOHN D. BIGGERT *vs.* CHARLES L. STRAUB & others.

Worcester.    October 3, 1906. — October 16, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Jurisdiction.    Equity Jurisdiction*, To reach and apply equitable assets.    *Insurance, Life.*

A liability of a Massachusetts corporation upon a policy of life insurance held by a citizen and resident of another State and in the possession of a pledgee in this Commonwealth is such property within this Commonwealth as gives jurisdiction to proceed *in rem* against it without personal service on the holder of the policy.

In a suit in equity under R. L. c. 159, § 3, cl. 7, to reach and apply in payment of a debt due to the plaintiff equitable assets of the defendant debtor within this Commonwealth, it appeared that a Massachusetts corporation had issued a policy of insurance on the life of the defendant debtor in the sum of $10,000 for a term of thirty-two years, promising to pay that sum to him or his assigns at the end of that period or in the event of his death before that time to pay it to his wife, that this policy had a cash surrender value of more than $3,000 and was in the possession of the defendant insurance company to which it had been delivered by the defendant debtor as security for an advance to him of about $1,200. *Held*, that the interest of the defendant debtor in the policy contingent on his survival of his wife was an equitable asset whose value could be ascertained by sale or by some other means within the ordinary procedure of the court and which therefore could be reached and applied under the statute.

BILL IN EQUITY, filed January 26 and amended May 31, 1906, against Charles L. Straub and Bertha G. Straub, his wife, both of Pittsburgh in the State of Pennsylvania and temporarily residing at Brooklyn in the State of New York, and the State Mutual Life Assurance Company, a corporation organized under the laws of this Commonwealth and having its usual place of business at Worcester in this Commonwealth, under R. L. c. 159, § 3, cl. 7, to ascertain and determine the indebtedness of the defendants Straub to the plaintiff and to reach and apply to the payment of such indebtedness a certain policy of insurance issued by the defendant corporation upon the life of the defendant Charles L. Straub.

The defendants Charles L. Straub and Bertha G. Straub were not served personally with notice of the suit either within or without the Commonwealth. There was service by publication by order of the court. These defendants appeared specially and moved to dismiss the bill. There was service on the defendant corporation, and a temporary injunction was issued which was served upon that defendant, enjoining it from paying over the cash surrender value of the policy in question to the defendants Straub.

In the Superior Court the motions to dismiss were denied by *Gaskill,* J., and the defendants Straub appealed. The judge, being of opinion that it was proper for the question as to jurisdiction raised by the motions to dismiss to be determined by this court before any further proceedings in the Superior Court, reported the case for such determination. If the motions should have been allowed, the bill was to be dismissed or such other disposition was to be made of it as might seem just. If the motions should have been denied, the defendants were to be allowed to answer and the case was to stand for hearing in the Superior Court.

*C. T. Tatman,* for the defendants Straub.

*A. T. Johnson, A. H. Bullock & J. M. Thayer,* for the plaintiff.

KNOWLTON, C. J. This is a suit in equity in the nature of an equitable trustee process, brought under the R. L. c. 159, § 3, cl. 7, to reach and apply in payment of a debt due, the plaintiff's property in the hands of the defendant life insurance company, belonging to the debtor, Charles L. Straub. This defendant and

his wife, Bertha G. Straub, the other defendant, who seems to have an interest in the property, are not residents of this Commonwealth and the only service made upon either of them was by publication. They have filed motions to dismiss the suit for want of jurisdiction. The presiding judge overruled these motions and then reported for consideration by this court the questions arising upon them.

The first question is whether a liability of a Massachusetts corporation upon a policy of life insurance held by a citizen and resident of another State is property within this Commonwealth, such as to give jurisdiction to the court here to enter a decree in the nature of a judgment *in rem* against it. This question is precisely the same, in its legal aspect, as the question whether such a liability, in a form that can be reached by trustee process in an action at law, gives jurisdiction for an action of the latter kind. This question has long been treated in this Commonwealth as requiring an affirmative answer. *Ocean Ins. Co.* v. *Portsmouth Marine Railway*, 3 Met. 420. *Whipple* v. *Robbins*, 97 Mass. 107. *American Bank* v. *Rollins*, 99 Mass. 313. *National Bank of Commerce* v. *Huntington*, 129 Mass. 444. *Garity* v. *Gigie*, 130 Mass. 184. In view of conflicting cases in different jurisdictions, it was considered at some length and decided in the affirmative in *Rothschild* v. *Knight*, 176 Mass. 48, and it was settled by decisions in the Supreme Court of the United States, which is the final arbiter in all controversies as to the validity and effect of judgments of one State in the courts of another State. *Chicago, Rock Island & Pacific Railway* v. *Sturm*, 174 U. S. 710, 716. *King* v. *Cross*, 175 U. S. 396, 399. *Rothschild* v. *Knight*, 184 U. S. 334. *Blackstone* v. *Miller*, 188 U. S. 189, 205, 206. The defendants' objection to the jurisdiction on this ground is not sustained.

The only other question is whether the property is of such a nature as to come within the statute. The State Mutual Life Assurance Company issued a policy of insurance on the life of the defendant, Charles L. Straub, in the sum of $10,000, for the term of thirty-two years from May 7, 1895, promising to pay this amount to him or his assigns on May 7, 1927, or, in the event of his death before that date, to pay it to his wife, the defendant Bertha G. Straub. It appears that this policy now has a cash

surrender value of more than $3,000. It further appears that the policy is in the possession of the insurance company, which has a lien upon it for $1,281 advanced to the defendant Charles L. Straub.

The policy is not before us, and the only knowledge we have of its terms or provisions is derived from the averments in the stating part of the bill. Nor do we know whether the proceedings that have been had, or the assignment to the insurance company which we infer has been made as security for the advance of money, are such as leave the defendant Bertha G. Straub without further interest in the policy. From the averments of the bill the debtor, Charles L. Straub, appears to have, at the least, an interest in the policy whose value depends in great measure upon the contingency of his survival of his wife. If he has no greater interest, this question arises: Whether, in view of this contingency, the value of his interest " can be ascertained by sale, appraisal or by any means within the ordinary procedure of the court." See R. L. c. 159, § 3, cl. 7. On this question the case of *Alexander* v. *McPeck*, 189 Mass. 34, 44, is decisive. It was there held that a right whose value depended on a similar contingency could be reached under this statute, and that, for the purposes of the statute, the value could be ascertained by sale, or some other means within the ordinary procedure of the court.

*Motions disallowed.*