PETERS *v.* GOODWIN.

4-3633

Opinion delivered December 10, 1934.

*Mahony & Yocum,* for appellants.

*Walter L. Goodwin, Marsh & Marsh* and *J. S. Brooks,* for appellees.

SMITH, J. Appellants, Peters and Cramer, recovered

a judgment against W. J. Goodwin and Leila B. Goodwin, his wife, on May 6, 1930, for $3,709.03, which they have been unable to collect. W. J. Goodwin died in April, 1932, leaving a life insurance policy for $5,000, which was payable to his wife. The Goodwins became estranged and were divorced. Mr. Goodwin remarried, and was again divorced from his second wife, but he made no change in the beneficiary designated in the policy, nor did he pay subsequent premiums after the divorce, but the policy was of sufficient value to carry itself until after the insured's death.

After collecting the policy Mrs. Goodwin deposited, from the proceeds of the collection, the sum of $4,905.88 with the First National Bank of El Dorado. The deposit was made by Mrs. Goodwin in her name as trustee, but the deposit did not disclose the nature of the trust or the beneficiaries thereof, although Mrs. Goodwin testified that she told Mr. Wade, an officer of the bank, when she made the deposit, that she intended for her children to have the benefit of it. She testified that she knew the insurance was intended for the benefit of the insured's children born to her, and that it was her intention to devote it to their maintenance and education. All the children are in school, and two of them are minors, and she has paid their expenses out of this money.

Mrs. Goodwin further testified that after the divorce she went to Florida to live with her father and mother, but that she returned to El Dorado, where she had lived prior to the divorce. She borrowed the money to pay the expense of the return trip and repaid it out of the insurance money when it had been collected. She paid the living expenses of herself and the children, including the rent of a house, out of the insurance. She paid also the funeral expenses of her former deceased husband, and the balance which he owed on an automobile. She drew altogether eighteen checks, but stated that she consulted the children about these expenditures and they had consented thereto. There remained $1,314.76 of the deposit when a writ of garnishment was served by appellants, the judgment creditors, upon the bank on May 21, 1932.

The children of Mrs. Goodwin were properly made parties, together with their mother, and pleadings were filed in their behalf which alleged that the insurance money was intended for and in fact belonged to the children. They also pleaded that the money was exempt from garnishment under the provisions of act 102 of the Acts of 1933 (Acts 1933, page 321), and also under the provisions of acts 76 and 141 of the Acts of 1931 (Acts 1931, pages 214 and 378).

It was decreed that the complaint should be dismissed for want of equity, and that the garnishment should be quashed, and this appeal has been prosecuted to review that order.

The contention that the money belonged to the children is refuted by the fact that the mother alone, and none of the children, was named as beneficiary in the policy. The policy was payable to her, and not to them. It is argued also that Mrs. Goodwin herself gave the deposit to her children, to which argument response is made that the attempted gift was void as being in fraud of the rights of her creditors. We do not decide this question, as the transaction did not constitute a gift. The right to draw against the deposit appears to have been reserved, and to have been freely and frequently exercised, by Mrs. Goodwin. It was, therefore, no gift.

The decree from which this appeal comes was rendered on March 9, 1934, which was subsequent to the rendition of the opinion of this court in the case of *W. B. Worthen Co.* v. *Thomas,* reported in 188 Ark. 249, 59 S. W. (2d) 1021, and prior to the reversal of that opinion by the Supreme Court of the United States on May 28, 1934, (292 U. S. 426).

The decree of the court below, holding the deposit exempt from garnishment, was fully authorized by the opinion of this court in the case cited, but the effect of the reversal of that case by the Supreme Court of the United States is that the deposit was not exempt from garnishment. It may be said, in this connection, that this appeal presents no question as to the right of Mrs. Goodwin to claim a portion of the deposit as exempt from garnishment or other process for the collection of

the judgment debt under the Constitution and statutes of this State.

The Acts of 1931, above referred to, have no application to this case. The exemption conferred upon beneficiaries under policies of life insurance contained in act 76 of the Acts of 1931 is against the claims of creditors and representatives of the insured; and while the judgment here sought to be enforced was against Mr. Goodwin, the insured, it was also against Mrs. Goodwin, the beneficiary, and the act affords no exemption from her own debts.

Act 141 of the Acts of 1931 applies to the case of a married woman who herself causes the life of her husband to be insured for her benefit, and it is not contended that the insurance was taken out by Mrs. Goodwin.

We conclude therefore that the decree of the court below quashing the garnishment was erroneous, and it will be reversed, and the cause will be remanded for further proceedings not inconsistent with this opinion.