Israel M. Rosenthal *vs.* Reuben Maletz & others.

Suffolk.    December 4, 1947. — April 8, 1948.

Present: Qua, C.J., Lummus, Wilkins, & Spalding, JJ.

*Jurisdiction,* Property of nonresident. *Equity Jurisdiction,* To reach and apply. *Insurance,* Life insurance: cash surrender value; Disability insurance; Assignment of policy. *Equity Pleading and Practice,* Parties, Demurrer, Service of process.

"Lack of indispensable . . . [defendants] before the court" was not a proper ground of demurrer to a bill in equity which named such defendants as parties and, although averring that they were nonresidents, did not show on its face that they had not been properly served with process in this Commonwealth.

A suit in equity to reach and apply the cash surrender value of a life insurance policy to satisfaction of indebtedness of the insured and of an assignee of the policy to the plaintiff could not be maintained where, although the insurer was before the court, the insured and the assignee were nonresidents not before the court and the policy, which was not in the physical control of either the plaintiff or the insurer, provided that the cash surrender value would be paid upon "surrender" of the policy.

Apart from G. L. (Ter. Ed.) c. 175, § 110A, inserted by St. 1938, c. 401, a suit in equity might be maintained under c. 214, § 3 (7), to reach and apply the obligation of the insurer under a policy of disability insurance to satisfy indebtedness of the insured and of an assignee of the policy to the plaintiff where the insurer, a foreign corporation doing business in this Commonwealth, had been duly served with process here and the insured was disabled within the definition in the policy so that provisions for waiver of premiums and payment of disability benefits were in force, although the insured and the assignee were nonresidents not before the court and the policy was not within the possession or control of the plaintiff or the insurer.

An assignee of a policy of disability insurance was not "the person insured" thereunder within G. L. (Ter. Ed.) c. 175, § 110A, inserted by St. 1938, c. 401, and that statute was inapplicable in a suit in equity to reach and apply the obligation of the insurer to make the disability payments to satisfaction of indebtedness of both the assignee and the insured to the plaintiff.

General Laws, c. 227, § 1, is not applicable to suits in equity commenced by bill and subpoena.

Any requirement of seizure of the res at the commencement of a suit in equity to reach and apply an obligation to satisfaction of indebtedness to the plaintiff of a nonresident not before the court was fulfilled where such obligation was brought within the jurisdiction of the court by a temporary injunction issued against the obligor before hearing and decree, although long after the commencement of the suit.

In a suit in equity to reach and apply an obligation to satisfaction of indebtedness of a nonresident to the plaintiff, it was open to the plaintiff to apply to the Superior Court to issue notice to the nonresident defendant under Rule 14 of the Superior Court (1932) after this court had affirmed an order sustaining a plea because there had been no such substituted service.

BILL IN EQUITY, filed in the Superior Court on June 19, 1939.

After hearing on a demurrer and a plea, the suit was reported by *Donahue, J.*

*Lee M. Friedman,* (*S. Werlin* with him,) for the plaintiff.

*B. Aldrich,* for the New York Life Insurance Company.

WILKINS, J. This bill in equity by the holder of certain promissory notes, of which the defendant Tuller is the

maker, the defendant Reuben Maletz is the payee, and the defendants Reuben and Frances Maletz are indorsers, seeks to reach and apply in payment of the notes the interest of the defendants Maletz in certain policies of insurance issued by the defendant New York Life Insurance Company on the life of the defendant Reuben Maletz and by him assigned to the defendant Frances Maletz. G. L. (Ter. Ed.) c. 214, § 3 (7). The bill, as amended, alleges that the defendant Tuller is a resident of Brookline; that the insurance company is a corporation having a usual place of business in Boston; and that the defendants Maletz "are not domiciled in this Commonwealth." Annexed to the bill are copies of eleven promissory notes, each dated July 10, 1937, in the sum of $300 payable to R. Maletz, signed as maker by Joseph Tuller, and indorsed by Reuben Maletz and Frances Maletz. The first note is payable January 15, 1938, and one note is payable in each succeeding month. It is alleged that the defendants Maletz indorsed and delivered the notes to the plaintiff for value and before maturity; that the plaintiff is the owner and holder in due course; that payment was demanded of the defendant Tuller, who did not make it; that due notice of nonpayment was given to the defendants Maletz; that the policies contain cash surrender clauses and provisions for disability payments; that the insured has become disabled and the insurance company is obligated to pay him certain sums; and that "the disability payments provided for under all of these policies . . . in each case exceed" $35 weekly.

The insurance company filed a demurrer, which was overruled, and a plea, which was heard upon agreed facts, and was sustained. The case is here upon report of these interlocutory orders. G. L. (Ter. Ed.) c. 231, § 111.

The first ground of demurrer is "Lack of indispensable parties before the court." This refers to the defendants Maletz, who are named as parties in the bill, which, while alleging that they are not domiciled here, does not show that they have not been personally served within this jurisdiction. This objection, relating to process and not to pleading, is not a proper subject for demurrer, which lies

only to what appears on the face of the bill. *Homer* v. *Abbe*, 16 Gray, 543, 545. *Pond* v. *Simpson*, 251 Mass. 325, 328. *Security Co-operative Bank* v. *McMahon*, 294 Mass. 399, 402. See *Tyler* v. *Boot & Shoe Workers Union*, 285 Mass. 54, 55. The second ground of demurrer, that "The bill is an attempt to violate G. L. c. 175, § 110A," inserted by St. 1938, c. 401, relating to partial exemption of disability insurance from legal or equitable process, cannot be successfully addressed to the entire bill, which also seeks to reach the cash surrender values. *Carleton & Hovey Co.* v. *Burns*, 285 Mass. 479, 484–485, and cases cited. *Buckley* v. *John*, 314 Mass. 719, 723. *Baker* v. *Paeff*, 318 Mass. 366, 368. Nor would it be valid if addressed only to part of the bill. The allegation is that disability payments exceed $35 on each policy weekly. This is in excess of the statutory exemption. A third ground of demurrer, "Failure to assert grounds entitling the complainant to equitable relief against this respondent," we shall consider along with the plea.

The plea states the cash surrender provisions, and sets forth that the defendant insurance company, while it has a usual place of business in Boston, is a New York corporation; that none of the policies is in the possession and control of the plaintiff or of itself; and that all the policies, "including disability provisions, were assigned to Frances Maletz, wife, in 1933, and are so assigned on its records today."

The agreed facts show the following: The defendants Maletz since before the filing of the bill on June 19, 1939, have been domiciled and resident outside this Commonwealth. The defendant insurance company is a New York corporation, doing business in this Commonwealth with a usual place of business in Boston, and has been duly served by subpoena. On three occasions orders of notice were issued and returned without service on the defendants Maletz. On subsequent orders of notice service was made in 1945 on the defendants insurance company and Tuller. In 1946 a temporary injunction was issued against the insurance company, which between July 5, 1922, and March 31, 1930, had issued six policies upon the life of the defendant

Reuben Maletz, the face amounts being respectively $5,000, $4,000, $3,000, $1,000, $3,000, and $2,000. Each policy pays benefits of one per cent of its face amount monthly and waives premiums during "continuous total and presumably permanent disability." On March 8, 1933, the defendant Reuben assigned all the policies to the defendant Frances, and the insurance company was notified. About August 10, 1937, the defendant Reuben became totally and presumably permanently disabled within the meaning of the policies. The insurance company has waived premiums and has been paying to the defendant Frances $180 monthly except as modified by the temporary injunction. Under the policies payments must be continued during the lifetime and disability of the defendant Reuben. Each policy (as shown in a subsequent footnote) provides that at certain times the insured "may" surrender it and receive its cash surrender value. No policy is in the physical possession or control of the plaintiff or of the insurance company.

The court acquired no jurisdiction to proceed in personam against the defendants Maletz. *Pennoyer* v. *Neff*, 95 U. S. 714. *Eliot* v. *McCormick*, 144 Mass. 10. *Hildreth* v. *Thibodeau*, 186 Mass. 83, 84.

The main question is whether there is jurisdiction quasi in rem to proceed against the interest in the policies of the defendant Frances as assignee. *Freeman* v. *Alderson*, 119 U. S. 185, 187. It is provided in G. L. (Ter. Ed.) c. 214, § 3 (7), that by suit in equity creditors may reach and apply "any property, right, title or interest, legal or equitable, of a debtor, within or without the commonwealth, which cannot be reached to be attached or taken on execution in an action at law, although the property . . . is of uncertain value, if the value can be ascertained by sale, appraisal or by any means within the ordinary procedure of the court." The insurance company, although a foreign corporation, is engaged in business in this Commonwealth and was duly served with process. G. L. (Ter. Ed.) c. 175, § 151, Third; § 154. It is not a valid objection that the defendants Maletz have not been served with process within the Commonwealth. Section 3 (7) expressly allows a creditor to reach

property of a nonresident debtor. *Davis* v. *Werden,* 13 Gray, 305, 306–307. *McCann* v. *Randall,* 147 Mass. 81, 85. *Pettibone* v. *Toledo, Cincinnati, & St. Louis Railroad,* 148 Mass. 411, 419. A debt for the purpose of collecting it is situated where the debtor is amenable to suit. *Rothschild* v. *Knight,* 176 Mass. 48, 54; affirmed 184 U. S. 334. *Biggert* v. *Straub,* 193 Mass. 77, 79. *Bayer* v. *Lovelace,* 204 Mass. 327, 329. *Arlington Trust Co.* v. *Le Vine,* 291 Mass. 245, 249. An attachment by way of trustee process of a debt owed to a nonresident defendant by a debtor residing in this Commonwealth gives jurisdiction to render a judgment which will be valid everywhere as against the property attached. *Rothschild* v. *Knight,* 176 Mass. 48, 53–54, and cases cited. *Bayer* v. *Lovelace,* 204 Mass. 327, 329. *National Shawmut Bank* v. *Waterville,* 285 Mass. 252, 253. *Louisville & Nashville Railroad* v. *Deer,* 200 U. S. 176. *Baltimore & Ohio Railroad* v. *Hostetter,* 240 U. S. 620, 624. *St. Louis, Brownsville & Mexico Railway* v. *Taylor,* 266 U. S. 200. *Rorick* v. *Devon Syndicate, Ltd.* 307 U. S. 299. See *Harris* v. *Balk,* 198 U. S. 215. " 'The remedy provided by this statute [§ 3 (7)] often has been referred to as an equitable trustee process. . . . In its essential nature the remedy thus afforded is the same as that given by the trustee process in an action at law. The same general principles have been applied in determining whether the equitable process lies as in deciding whether attachment could be made by trustee process in an action at law.' *Travelers Ins. Co.* v. *Maguire,* 218 Mass. 360, 362." *Alper* v. *MacPherson,* 318 Mass. 433, 435–436.

The insurance company contends that there is no jurisdiction of the subject matter. We agree as to the cash surrender values of the policies, all of which, in one form or another, afford the insured at various times the option of surrendering the policy and receiving the cash value.[1] We

---

[1] The provision in four of the policies is: "Surrender values. — In event of default in payment of premium after three full years' premiums have been paid, the following benefits shall apply: (a) Temporary Insurance. — . . . (b) Participating Paid-up Insurance. — . . . (c) Cash Surrender Value. — If the Policy shall not have been indorsed for Participating Paid-up Insurance, the Insured, within three months after such default, but not later, may surrender this Policy and all claims thereunder and receive its Cash surrender Value as at date of default less any indebtedness hereon." The provisions of the other two policies in all material respects are substantially the same.

think that this means what it says, and requires as a condition precedent the physical relinquishment of each policy to the company, an act which, so far as appears, may not be impossible, but which the plaintiff nevertheless cannot perform. See *Kothe* v. *Phoenix Mutual Life Ins. Co.* 269 Mass. 148, 151–152; *United States* v. *Massachusetts Mutual Life Ins. Co.* 127 Fed. (2d) 880, 883; *Isaac Van Dyke Co.* v. *Moll*, 241 Mich. 255, 258. We need not decide in what circumstances a court of equity might dispense with this condition. Jurisdiction in personam over the defendants Maletz is lacking, and the plaintiff has not shown that the granting of relief will not jeopardize the legitimate interests of those who have contracted for the performance of the condition. See *Martin* v. *New York Life Ins. Co.* 104 Fed. (2d) 573, 575 (C. C. A. 7). Compare *Foley* v. *Equitable Life Assurance Society*, 290 N. Y. 424, 435.

Our conclusion is quite apart from the consideration of any question of the creditor's right to achieve an exercise of the option which the insured himself has not exercised. On that question, where a policy has not matured by the expiration of an endowment period (see *Bassett* v. *Parsons*, 140 Mass. 169; *Talcott* v. *Field*, 34 Neb. 611, 614–615), the weight of authority is against a creditor having such a right. See *Farmers & Merchants Bank* v. *National Life Ins. Co.* 161 Ga. 793; *Isaac Van Dyke Co.* v. *Moll*, 241 Mich. 255; Couch, Insurance, § 1932; 44 A. L. R. 1188; 57 A. L. R. 695; 14 Am. Jur., Creditors' Bills, § 91. See also *United States* v. *Massachusetts Mutual Life Ins. Co.* 127 Fed. (2d) 880 (C. C. A. 1); *United States* v. *Metropolitan Life Ins. Co.* 130 Fed. (2d) 149 (C. C. A. 2). It is also unnecessary to consider G. L. (Ter. Ed.) c. 175, § 125; § 126 (see now § 126, as amended by St. 1943, c. 227, § 5). *Rosenberg* v. *Robbins*, 289 Mass. 402. Furthermore, the agreed facts do not show who are the beneficiaries or whether the defendant Frances is a married woman.

In so far as the insurance company's contention that there is no jurisdiction of the subject matter concerns the disability payments, as to which surrender of the policies is not involved, we do not accept it. The disability contract

in a policy is a property right. *Riggin* v. *Cumberland National Bank*, 125 N. J. Eq. 221, 223. It is capable of assignment, and in fact has been assigned by the insured to the defendant Frances. It concededly cannot be attached or taken on execution in an action at law. The value of the right to receive disability payments, although dependent upon an uncertain factor as to time, can be ascertained in the manner prescribed in the statute. *Lord* v. *Harte*, 118 Mass. 271. *Alexander* v. *McPeck*, 189 Mass. 34, 44. *Lewenstein* v. *Forman*, 223 Mass. 325, 327. *Digney* v. *Blanchard*, 229 Mass. 235, 239. *Whiteside* v. *Merchants National Bank*, 284 Mass. 165, 175. *Bethlehem Fabricators, Inc.* v. *H. D. Watts Co.* 286 Mass. 556, 568–569. See *Wilson* v. *Martin-Wilson Automatic Fire Alarm Co.* 151 Mass. 515. The agreed facts state that the insured became "totally and presumably permanently disabled." No rebutting facts appearing, the uncertainty is merely one of the individual life expectancy of the insured. See *Biggert* v. *Straub*, 193 Mass. 77, 80; *Keiser* v. *Shaw*, 104 Ky. 119; 81 A. L. R. 388. There is no problem of compelling the performance of mutual contractual obligations executory on both sides, as in *Hopedale Manuf. Co.* v. *Clinton Cotton Mills*, 224 Mass. 193, 197–198. The insured is in the state of disability contracted against, and premiums meanwhile are waived. The consideration of the obligation of the insurance company has been executed on the part of the insured. See *Pettibone* v. *Toledo, Cincinnati, & St. Louis Railroad*, 148 Mass. 411, 418–419. That the policies are not within the possession or control of the plaintiff or of the insurance company is not decisive in this aspect of the case. They are not like negotiable notes held outside the jurisdiction, where there can be no protection of the maker against negotiation. See *Pond* v. *Simpson*, 251 Mass. 325; *Clark-Wilcox Co.* v. *Northwest Engineering Co.* 314 Mass. 402, 403–404. Here there are no rival beneficiaries or claimants, one of whom holds the policies and is outside this jurisdiction, as in *Dietz* v. *New York Life Ins. Co.* 287 Mass. 398. No question of the internal economy of the company is involved. *Pierce* v. *Equitable Life Assurance Society*, 145 Mass. 56, 62–64. For

that reason, the doctrine of *Kling* v. *McTarnahan*, 277 Mass. 386, has no pertinency.

We next consider the effect of G. L. (Ter. Ed.) c. 175, § 110A, as inserted by St. 1938, c. 401, which reads, "So much of any benefit under a policy of insurance insuring against disability from injury or disease as does not exceed thirty-five dollars for each week during any period of disability . . . shall not be liable to attachment, trustee process or other process, or to be seized, taken, appropriated or applied by any legal or equitable process or by operation of law, either before or after payment of such benefit, to pay any debt or liabilities of the person insured under such policy . . .." A purpose of this suit is to reach the disability payments now due by assignment to the defendant Frances in payment of a debt or liability of hers. She is not "the person insured under such policy." We are of opinion that the exemption does not extend to her. See *Norris* v. *Massachusetts Mutual Life Ins. Co.* 131 Mass. 294, 295–296. To be sure, the indebtedness of the insured upon the same obligation would be equally reduced by any payment on account of her obligation, but this fact cannot serve to enlarge the scope of the act. See *Peters* v. *Goodwin*, 190 Ark. 24, 27; *Goza* v. *Provine*, 140 Miss. 315, 322–323.

The insurance company also urges that "The court was without jurisdiction because of lack of service upon the original writ," and relies upon G. L. (Ter. Ed.) c. 227, § 1.[1] See *Roberts* v. *Anheuser Busch Brewing Association*, 215 Mass. 341, 343. That statute, in our opinion, has no application to suits in equity at least when commenced, as here, by bill "with a writ of subpoena according to the usual course of proceedings in equity," and not "by an original writ of summons." See G. L. (Ter. Ed.) c. 214, § 7. The provision respecting attachment on the original writ first appeared in Rev. Sts. c. 90, § 44. That chapter carefully

---

[1] "A personal action shall not be maintained against a person not an inhabitant of the commonwealth unless he or his agent appointed under section five has been served with process in the commonwealth, or unless an effectual attachment of his property within the commonwealth has been made upon the original writ, and in case of such attachment without such service, the judgment shall be valid only to secure the application of the property so attached to the satisfaction of the judgment."

discriminated between original writs in actions at law and writs of subpoena in suits in equity (see, for example, §§ 1–3, 6–8, 10, 116–119) and the distinction has been carried forward in the process of revision. See now G. L. (Ter. Ed.) c. 223, §§ 16, 21, 22, 24; c. 214, § 7. The language of G. L. (Ter. Ed.) c. 227, § 1, it may be observed, is hardly appropriate to embrace a suit in equity, which is not aptly described as an action. *Mahar* v. *O'Hara*, 9 Ill. 424, 429. *Appleton* v. *Turnbull*, 84 Maine, 72, 76. *McKinney* v. *Mires*, 95 Mont. 191, 197. *Dawes* v. *New York, Philadelphia & Norfolk Railroad*, 96 Va. 733, 734. *Mynes* v. *Mynes*, 47 W. Va. 681, 694. And a decree in such a suit is not properly called a judgment. *Fairbanks* v. *McDonald*, 219 Mass. 291, 298. *Parkhurst* v. *Almy*, 222 Mass. 27, 35. *Malloy* v. *Carroll*, 287 Mass. 376, 390–391. Nor does the exercise of jurisdiction over persons or property by a court of equity constitute an attachment within the meaning of G. L. (Ter. Ed.) c. 227, § 1. See *Squire* v. *Lincoln*, 137 Mass. 399, 402–403; *Fish* v. *Fiske*, 154 Mass. 302, 304; *Snyder* v. *Smith*, 185 Mass. 58.

Quite apart from statute it has been said that there must be a seizure of the res at the commencement of the proceedings. See *Pennington* v. *Fourth National Bank*, 243 U. S. 269, 272; *Security Savings Bank* v. *California*, 263 U. S. 282, 287. And it has been said under G. L. (Ter. Ed.) c. 214, § 3 (7), that at the time of the commencement of the suit there must have been some "property, right, title or interest," as here of the defendants Maletz in the hands of the insurance company, which could be affected by the suit. *Hoshor-Platt Co.* v. *Miller*, 190 Mass. 285, 287. *Wheelock* v. *Globe Construction Co.* 195 Mass. 456, 461. *Lemak* v. *Feffer-Simon Co.* 268 Mass. 156, 161. *Malden Trust Co.* v. *George*, 303 Mass. 528, 530–531. At the time of the filing of the bill restraining orders were issued against the defendants Maletz and the insurance company, and apparently expired because of failure to make service. Seven years later a temporary injunction was issued against the insurance company. We think that if, before hearing and decree, the obligation to make the payments described

in the bill is brought within the jurisdiction of the court by service upon the insurance company, that meets any requirement of seizure at the commencement of the suit. See *Matthews* v. *Matthews*, 247 N. Y. 32, 34; *Geary* v. *Geary*, 272 N. Y. 390, 401; Restatement: Conflict of Laws, § 106, comment e.

The agreed facts show that no substituted service has been made upon the defendants Maletz as required by Rule 14 of the Superior Court (1932). The plea, therefore, was rightly sustained. See *Birdsall* v. *Taylor*, 1 How. Pr. 89. As this was a matter of process, it could not, as has been seen, be raised by demurrer. It is open to the plaintiff to make application to the Superior Court to issue notice under Rule 14.

> *Order overruling demurrer affirmed.*
> *Order sustaining plea affirmed.*