LEO LEMAK & others *vs.* FEFFER-SIMON Co. & others.

Suffolk. May 20, 1929. — June 27, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Equity Jurisdiction,* To reach and apply equitable assets. *Corporation,* Officers and agents. *Equity Pleading and Practice,* Master: recommittal.

A suit in equity by a creditor against a corporation and three stockholders, two of whom were but nominally so, the third being the principal officer and in control of the corporation and principal owner of all its stock, sought to reach and apply to the payment of a debt due the plaintiff from the corporation certain moneys alleged to have been fraudulently taken from the corporation by the principal individual defendant who, during a period when the plaintiff was supplying goods to the corporation, also conducted a business in his own behalf and as an individual bought from the corporation goods sold it by the plaintiff, paying therefor. A master who heard the suit refused to hear evidence bearing on the question, whether the principal individual defendant wrongfully received as salary from the corporation money that he had

paid to it for such goods. Thereafter the plaintiff was allowed to amend the bill to include a claim that the amounts paid to the principal individual defendant were received by him with knowledge that the corporation was insolvent and were not earned, and, at the same time, the report was recommitted to the master to hear the parties further and report the facts as to the business and financial relations between the corporation, acting through and by the principal individual defendant, and him in his individual capacity in the transactions involving goods made for and delivered to the defendant company by the plaintiff. The master then made a further report, stating that the principal individual defendant during the period in question knew that the corporation was insolvent, that he devoted most, if not all, of his time to his individual business and that, in the circumstances, he was not entitled to the moneys he received from the corporation, which amounted to $1,300. The reports were confirmed and a final decree was entered ordering the principal individual defendant to pay to the plaintiff the sum of $973, the amount found by the master to be due to the plaintiff from the defendant corporation. The principal individual defendant appealed. *Held,* that

(1) The findings by the master in the supplemental report were well within the order of recommittal under the bill as amended;

(2) The plaintiff was entitled to reach and apply to the debt owed him by the corporation the money the principal individual defendant wrongfully had taken from it.

BILL IN EQUITY, filed in the Superior Court on June 19, 1926, and afterwards amended, described in the opinion.

In the Superior Court, the suit was referred to a master, and, after allowance by *Sisk,* J., of motions to amend the bill and to recommit, as stated in the opinion, was further heard by the master. Facts found by the master are stated in the opinion. By order of *Donahue,* J., there were entered an interlocutory decree confirming the master's reports and a final decree granting the plaintiff relief. The defendant Herman Feffer alone appealed from both decrees.

*D. Flower,* for the defendants.

No argument nor brief for the plaintiffs.

CROSBY, J. This is a suit in equity brought by a partnership which was a creditor of Feffer-Simon Co. against that corporation, Herman Feffer, its president, treasurer and a director, Eva Feffer, wife of said Herman, and David Flower, directors of the corporation. The suit was treated by the parties, their counsel, and by the court as a suit to reach and apply to the plaintiffs' claim certain moneys

alleged to have been taken from the defendant corporation fraudulently by the defendant Herman Feffer. The case was referred to a master, whose findings it is necessary to recite somewhat at length for a proper consideration and determination of the issues involved.

The master found the following facts: The defendant corporation sold women's and girls' dresses made for it by the plaintiffs, and others. The defendant Herman Feffer (who will hereafter be referred to as Feffer) was the owner of substantially all the stock, and exercised sole control, of the corporation. The defendants Eva Feffer and David Flower were only nominal stockholders. The corporation was active in business and was prosperous from its organization until January, 1926, when it suffered a loss of substantially all its stock in trade from a fire. Immediately after the fire it hired a room at 154 Boylston Street, Boston, and conducted its business there until April 27, 1926, when an assignment was made to the defendant Flower for the benefit of its creditors. At the time of the assignment the liabilities were at least $8,200 and the assets did not exceed $1,300. After the fire the corporation had in stock "as salvage" not more than twelve dresses. Thereafter and until the assignment the corporation purchased from the plaintiffs five hundred seventy-eight dresses, and its purchases elsewhere did not exceed ten sample dresses; so that practically all the business of the corporation from January, 1926, to the date of the assignment consisted in selling dresses made for it by the plaintiffs. In February, 1926, Feffer engaged a room at 154 Boylston Street, adjacent to that of the defendant corporation, and conducted therein under the name of "Mannequin Shop" a business, in his sole interest, of buying and selling at retail women's and girls' dresses of the same kind, styles and class as the dresses sold at wholesale by the defendant corporation. Thereafter he gave practically all his time to the "Mannequin Shop." On or about February 13, 1926, Feffer, as the "Mannequin Shop," purchased thirty-six dresses which had theretofore been sold to the corporation by the plaintiffs, and paid the corporation for them a fair price. There was no fraud in this transaction. He also purchased

dresses in substantial quantities from parties other than the plaintiffs. There was no fraud in the sales or disposition of the dresses purchased by the defendant corporation from the plaintiffs, or in the matter of the assignment for the benefit of creditors. The plaintiffs offered to prove that Feffer, during the period from February 1, 1926, to the date of the assignment on April 27, 1926, received from the corporation the sum of $100 weekly as salary, and that the receipt of such salary was unjustified. The defendants offered to prove "the records and authority for such a salary; the length of time prior to February, 1926, it had been paid; the qualification, experience and ability of the defendant Herman Feffer; the custom of the business; and the entire business history and prospects of the defendant corporation, as justifying such a salary." The master excluded this evidence as not material to the issues raised by the bill.

The plaintiffs filed a motion to recommit the report "for further consideration." The motion was allowed with the following limitation: "It is not allowed for the purpose (as stated in the motion) 'for further consideration' by the master. The master is directed to hear the parties further and report the facts as to the business and financial relations between the Feffer-Simon Co. acting through and by Herman Feffer, and Herman Feffer in his individual capacity, doing business under the name of 'Mannequin Shop' in the transactions involving dresses made for and delivered to the defendant company by the plaintiffs." On the same day that this order of recommittal was entered, a motion to amend the plaintiffs' bill was allowed, in which it was alleged that, as a result of the fraud practised by Feffer, the corporation became insolvent; that regardless of the insolvency of the corporation Feffer, from February 1, 1926, to April 27, 1926, drew as salary for himself the sum of $100 weekly for a period of about thirteen weeks; that these sums so drawn were substantially from moneys of the corporation received from the sale of the dresses made for it by the plaintiffs, and that Feffer devoted little time to the business of the corporation.

On recommittal the master found as a fact that the retail

business conducted by Feffer as the "Mannequin Shop" was at times very active, and that Feffer devoted most if not all of his time to the affairs of that shop. Although he was the active manager, had full control of the selling, manufacture, purchasing and other business transactions connected with the defendant corporation, yet it was found that he devoted little time to the business of the defendant corporation after January, 1926. His duties principally were to send cloth and dress trimmings to the plaintiffs to be made by them into dresses, which were sold by the corporation mostly in Boston stores at or slightly in advance of cost. The master further found "that the company was insolvent to the knowledge of the defendant Feffer during the whole period of about four months prior to its assignment and while it was located at 154 Boylston Street; that but a small amount of the defendant Feffer's time could reasonably be required to make these sales; that the defendant Feffer knew or should have known that if he drew any salary or compensation from the defendant company it would in fact come from the sale by it at about cost of the dresses made by the plaintiffs and that there was no reasonable prospect of the plaintiffs' being paid in full by the company for their services in manufacturing the dresses"; that Feffer received from the corporation for this period the sum of $1,300; and that, under the circumstances, as against the plaintiffs he was not entitled to any part of this sum.

An interlocutory decree was entered overruling the defendants' exceptions and confirming the master's report. A final decree was entered ordering Feffer to pay the plaintiffs the sum of $973.04, the amount found due by the master, with interest and costs, and dismissing the bill as against certain of the defendants. Herman Feffer alone appealed from the interlocutory and the final decrees. No question was raised on the record or in this court on appeal as to the form of the suit.

Feffer contends that the order of recommittal did not authorize the master to make findings in the matter of the salary paid him; that as the case was recommitted not "for further consideration" but to "report the facts as to the

business and financial relations between the Feffer-Simon Co., acting through and by Herman Feffer, and Herman Feffer in his individual capacity, doing business under the name Mannequin Shop in the transactions involving dresses made for and delivered to the defendant company by the plaintiffs," the master was without authority to inquire into and make findings with reference to the salary paid to Feffer by the corporation. We are of opinion that the findings were well within the rule to the master authorizing him to determine and report the facts as to the "business and financial" relations between the corporation and Feffer in the transactions involving dresses made for and delivered to the defendant company by the plaintiffs. Although such findings were not material upon the allegations of the bill as originally framed, they became material under the bill as amended. They are conclusive and the final decree was warranted by them.

It is settled that a bill to reach and apply by a creditor will lie when he shows that the defendant had in his hands and possession, when the bill was filed, property in which the corporation had some right, title or interest, legal or equitable, of such a nature that it could not be reached by attachment or execution. G. L. c. 214, § 3 (7). *Sanger* v. *Bancroft*, 12 Gray, 365, 366. *Crompton* v. *Anthony*, 13 Allen, 33, 37. *Massachusetts Trust Co.* v. *Simon Manuf. Co.* 237 Mass. 92, 96.

Upon the facts found Feffer, who exercised sole control of the corporation and owned substantially all of its stock, caused to be paid to himself a salary for which he performed no appreciable services and the payment of which rendered the corporation insolvent. The moneys so paid were received from the sale at, or slightly in advance of, cost of dresses manufactured by the plaintiffs for the corporation. In equity, where one has received money fraudulently without consideration, he must restore it for the benefit of the creditors of his grantor. The salary received by Feffer was fraudulent as against the plaintiffs, and without consideration, and the corporation could have recovered such sums from him. When an officer of a corporation uses corporate funds

for his own benefit, creditors of the corporation may pursue the funds the same as the corporation might do. *Arbuckle Brothers* v. *Columbia Grocery Co.* 150 Ala. 271.

The interlocutory decree and the final decree are affirmed with costs.

*Ordered accordingly.*