Giles, J.
Introduction
In this action for breach of contract, breach of implied warranty, and violation of G.L.c. 93A, the plaintiff, Samuel Rotondi, Esq., RC. (“plaintiff’), has moved to amend its complaint and for a preliminary injunction to reach and apply certain alleged obligations of the proposed reach-and-apply defendant, The Computer Merchant Ltd. (“TCM”), to the defendant, Data Care Corporation (“defendant"). Both the defendant and TCM oppose the motion. After hearing, and for the reasons stated below, the plaintiffs motion is allowed only insofar as its request for a preliminary injunction is granted.
Background
The plaintiff, a law office specializing in the collection of medical accounts receivable, hired the defendant to recommend and install an automatic data backup computer system. The plaintiff alleges that the defendant installed an inadequate system that resulted in the permanent loss of data files when the plaintiffs computer server crashed on October 30, 2000. The plaintiff claims damages of over $50,000 in consultant fees expendied in trying to restore the lost data and over $450,000 in lost income on account of the irretrievable flies.
Attorney Samuel Rotondi asserts that Louis Lanzillo (“Lanzillo”), TCM’s chief operating officer, advised him that TCM “was in negotiations with [the defendant] to purchase from [the defendant] certain licenses to purchase materials and goods from various computer manufacturers.” Lanzillo denies making such a representation but admits that TCM has “ex *248 plored the possibility of a strategic relationship with [the defendant], by which TCM could have introduced its customers to [the defendant’s] products.” Rajan Munjal, the defendant’s president, concedes that there have been preliminary discussions with TCM but states that no agreement is imminent at this point.
Having been informed by the defendant’s counsel that the defendant “was on the brink of bankruptcy,” the plaintiff is concerned that the prospect of obtaining an enforceable judgment against the defendant is dimming. Therefore, pursuant to Mass.R.Civ.P. 15(a) and 65(b), the plaintiff has moved to add TCM as a defendant and for a preliminary injunction to reach and apply the expected obligations of TCM to the defendant should the two defendants enter into their anticipated agreement.
Discussion
I agree with the defendant and TCM that an action to reach and apply does not lie here. Under G.L.c. 214, Sec. 3(6), a creditor may reach and apply “any property, right, title or interest, legal or equitable, of a debtor, within or without the commonwealth, which cannot be attached or taken on execution of the debtor . . .” G.L.c. 214, Sec. 3(6). The property must be in existence and in the hands of the putative debtor when the action is commenced. See Lemak v. Feffer-Simon Co., 268 Mass. 156, 161 (1929); Hopedale Mfg. Co. v. Clinton Cotton Mills, 224 Mass. 193, 197 (1916). Similarly, only “real and personal property liable to be taken on execution,” G.L.c. 223, Sec. 42, that is, property presently seizable, is subject to an attachment. See Pierce v. Jackson, 6 Mass. 242 (1810). In the case at bar, the defendant and TCM, although they may be in negotiations and even poised to transact the defendant’s licensing rights, have yet to enter into an agreement. Thus, no obligation on TCM’s part has yet been created that the plaintiff may reach or attach. As such, it is premature to bring TCM into this case as a reach and apply defendant. See Castellucci v. U.S. Fidelity & Guaranty Co., 372 Mass. 288, 290 (1977).
The plaintiff is not without a remedy, however. It has met all the criteria for the issuance of a preliminary injunction. Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 617 (1980). The plaintiffs likelihood of success in proving its claim that the defendant installed an inappropriate backup system is demonstrated by the crashing of the plaintiffs server and the irrevocable loss of many data files; moreover, the defendant has never denied that the backup system it selected and installed failed. Although equitable relief is usually not warranted in the face of an adequate remedy at law, the plaintiff also can show irreparable harm through the financially shaky defendant’s inability of paying a future judgment. See Hull Municipal Lighting Plant v. Mass. Municipal Wholesale Elec. Co., 399 Mass. 640, 644-45 (1987); Teradyne, Inc. v. Mostek Corp., 797 F.2d 53, 52-53 (1st Cir. 1986); Boston Athletic Assn. v. International Marathons, Inc., 392 Mass. 356, 363-63 (1984). Finally, a balancing of the hardships weighs in favor of the plaintiff, which has permanently lost accounts receivable on behalf of its clientele, and against the defendant, which can continue its ordinary operations.
ORDER
For all the foregoing reasons, it is hereby ORDERED AND ADJUDGED that:
1. Plaintiff Samuel Rotondi, Esq., P.C.’s motion to amend its complaint and for a preliminary injunction to reach and apply certain obligations of Computer Merchant Ltd. to defendant Data Care Corporation be ALLOWED only insofar as its request for a preliminary injunction is granted and be DENIED in all other respects.
2. Defendant Data Care Corporation be further ORDERED to:
A. Give plaintiffs counsel twenty-four (24) hours notice before the execution of any contract, agreement, or instrument with The Computer Merchant, Ltd., or its agents, attorneys, employees, or assigns;
B. Execute any such contract, agreement, or instrument with The Computer Merchant, Ltd., or its agents, attorneys, employees, or assigns in this court;
C. Place the proceeds, payments, or monetary consideration arising out of any such contract, agreement, or instrument in an escrow account in an amount not to exceed $500,000.
All until further Order of this court.