McDonald, J.
The plaintiff brought an action in four counts seeking to recover certain sums allegedly owed by the defendant Francis Harvey and Sons, Inc. (the “defendant”)[1] for construction materials and other goods supplied on account at various times. The complaint asserted causes of action for breach of contract, goods sold and delivered on account, and recovery in quantum meruit. The fourth count of the Verified Complaint sought to reach and apply certain proceeds of a contract alleged to exist between the defendant and the reach and apply defendant. A hearing was held, pursuant to a short order of notice, on the issue of a reach and apply order.
An action to reach and apply does not create a lien but requires issuance of a temporary restraining order or preliminary injunction. Accordingly, the plaintiff must satisfy the standard for injunctive relief set forth in Packaging Indus. Group v. Cheney, 380 Mass. 609, 616-17 (1980). On the record before the court pertaining to the Verified Complaint, the plaintiff has not demonstrated a reasonable likelihood of success on the merits. The existence and nature of the debt are disputed, the account statement is not a contemporaneous record of charges, and does not identify the goods or services provided on account. Moreover, the reach and apply defendant appeared at the hearing and denied that it was the proper party as it had no contract with the defendant. Furthermore, the plaintiff has not demonstrated irreparable injuiy will result from a failure to reach and apply any amount that might presently be due the defendant under the contract. This is especially so because the plaintiff would be entitled to reach and apply only such payment under the contract as might be due at the time of the commencement of this action, and because the alleged contract apparently is a “cost plus” contract in which the periodic payments are primarily for the payment of subcontractors and vendors.
The plaintiffs Verified Complaint seeks to reach and apply “any monies due Harvey, throughout the pendency of this suit.” Thus, the complaint seeks to reach and apply monies to which the defendant did not have a right, title, or interest at the commencement of this action. No action to reach and apply lies except as to property of a debtor in the hands of the reach and apply defendant at the time the action was commenced to which the debtor then had right, title and interest. Lemak v. Feffer-Simon Co., 268 Mass. 156, 161 (1929); Hopedale Mfg. Co. v. Clinton Cotton Mills, 224 Mass. 193, 197 (1916). The contract between the defendant and whatever may be the appropriate entiiy, as described in the complaint, is an executory contract, i.e., as goods or services are provided, the right to payment accrues. The court, however, will not compel performance of an executory contract for the benefit of a creditor of one party. Hopedale Mfg. Co., 224 Mass. at 197-98; Leffler v. Todd, 310 Mass. 227, 233 (1944); cf. Rosenthal v. Maletz, 322 Mass. 586, 593 (1948) (holding disability insurance policy was not executory contract where insured’s disability had been established). Such would be the effect of an order reaching and applying future payments, which payments are contingent upon the defendant’s continuing performance.
This court takes no action on the Renewed Application for Reach and Apply Order, which is based in some measure upon the Amended Complaint and certain additional materials submitted therewith or thereafter. As the Renewed Application was not filed in the context of a request for reconsideration or for leave to supplement the original materials, it is not before this court. Rather, the Renewed Application may be considered by the session judge when it was filed or heard, as may be appropriate.
ORDER
For the foregoing reasons, the plaintiffs application for a reach and apply order is DENIED.

 Although named in the Verified Complaint, no cause of action was asserted against John F. Harvey. In an Amended Complaint a claim was asserted against John F. Harvey.