EDWIN R. HAWKINS & others *vs.* JAMES F. FARLEY & others.

Suffolk. January 19, 1906. — March 7, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Bond. Attachment. Master in Chancery. Mandamus.*

Under R. L. c. 167, §§ 121, 123, a master in chancery who, on an application for the approval of a bond to dissolve an attachment of real estate, has appointed three appraisers to value the property attached and has received their report in writing, is bound by their report and cannot hear further evidence to increase or diminish the value they have fixed.

Whether under R. L. c. 167, §§ 121, 123, in fixing the amount of a bond to be given to dissolve an attachment upon real estate the amount due on a mortgage upon the attached property can be deducted from its value, *quaere.*

A writ of mandamus will be granted to compel a master in chancery to proceed in accordance with law in fixing the amount of a bond to be given to dissolve an attachment of real estate and to disregard evidence as to the value of the attached property other than the report of the appraisers appointed by him under R. L. c. 167, § 121, whose valuation is conclusive upon him.

SHELDON, J. This is a petition for a writ of mandamus against the respondent Farley as a master in chancery for the county of Suffolk, and comes before us on a reservation by one of the justices of this court.

The petitioners brought a bill in equity against the respondents Mark Kellman and Celia Kellman his wife, and made therein a special attachment of certain real estate in that county standing in the name of the respondent Celia as the property of the respondent Mark Kellman. Celia Kellman thereupon applied to the respondent Farley as a master in chancery, under R. L. c. 167, § 123, for approval of a bond to dissolve the attachment. The parties not agreeing as to the value of the real estate, Farley, under § 121 of the same chapter, appointed three appraisers to value the same. These appraisers made a written report to Farley that the value of the real estate attached was $11,000. All the proceedings up to this time were in accordance with the statutes above cited. After receiving this report, Farley, against the objection of the petitioners, heard further evidence as to the value of the real estate attached, and found upon the report of the appraisers and other evidence that its value was $13,000, and that there was a valid mortgage thereon to the amount of $11,000, and thereupon announced that he fixed the value of the equity of the respondent Celia Kellman in the real estate attached as $2,000, and said that he would approve a bond in the sum of $2,000 if sufficient sureties were offered.

The petitioners contend that Farley had no right to hear any other evidence than the report of the appraisers as to the value of the real estate attached, and was bound to fix that value as the sum of $11,000. The respondents contend that valid mortgages of $11,000 existed upon the attached property at and ever since the attachment. At the hearing before the master, the petitioners did not contend that the mortgages were invalid; and at the hearing in this court they admitted, for the purposes of hearing on this petition, that the mortgages were valid. The respondents contend that the master is to fix the value of the property attached, that the report of the appraisers is merely evidence for him to consider in connection with such other evidence as either party may offer, and that in fixing such value it is proper for him to deduct the amount of whatever valid mortgages he may find to be existing upon the property.

The statute provides that in the case of an attachment like this, the person in whose name the record title of the property attached stands "may, before final judgment, dissolve the attach-

ment by giving bond to the plaintiff, with sufficient sureties, conditioned to pay to him, if he establishes his title to the land in a writ of entry against the person having the record title thereto at the time of the attachment, the ascertained value of the land, or so much thereof as shall satisfy the amount, if any, which the plaintiff shall recover upon final judgment," R. L. c. 167, § 123, and reference is made to the two preceding sections for the proceedings to be adopted. The first of these sections (§ 121) provides, with other matter not now material, that " if the parties to the action do not agree upon the value of the property, the defendant . . . may make written application to any magistrate who is authorized to approve said bond in the county in which the property is situated, stating the names of the parties to the action, the name of the officer who made the attachment, a description of the property which he desires to release from attachment and the names and residences of the proposed sureties. The magistrate shall forthwith cause written notice of the application and of the time and place for the hearing to be served upon the plaintiff. . . . At the time and place appointed, after hearing the parties, the magistrate shall appoint three disinterested persons to examine and appraise the property described in the application, who shall be sworn, shall appraise the property at its fair market value and shall make return of their doings in writing to the magistrate at a time and place fixed by him to which the hearing shall be adjourned. At such adjourned hearing the defendant may give bond to the plaintiff, with sureties, who shall be approved by the magistrate as herein provided. Upon the filing of such bond . . . the attachment upon the property described therein shall be dissolved." R. L. c. 167, § 121.

The only hearing of the parties in terms provided for by this section upon any other question than the sufficiency of the sureties is that to be had before appointing the appraisers. The express provision of the statute is that " after hearing the parties, the magistrate shall appoint " the appraisers. The only thing that remains to be done after their return of their doings is the approval of the sureties; and there is no provision of the statute which authorizes the magistrate then to pass upon any other questions. The bond, under § 123, is to be

conditioned to pay " the ascertained value of the land "; and the only provision made in § 121, to which § 123 makes reference, for the mode of ascertaining this value, is by the report of the sworn appraisers.

But the respondents contend that the previous statutes, which have been incorporated into the sections of the Revised Laws which we have cited, indicate an intention on the part of the Legislature that the magistrate should himself finally fix the value of the property. We do not think so. The respondents base this contention upon the language of St. 1870, c. 291, § 2. But the language of that section is almost the same as that of R. L. c. 167, § 121, already cited. Like that section, it provides that at the return of the notice provided to be issued, " after hearing the parties, the master shall appoint three disinterested persons to examine and appraise the property," etc., and there is no provision for any further hearing except upon the issue of the approval of the sureties. If the language of the St. of 1870 had remained unaltered it would not be open to the construction contended for by the respondents.

The provision of R. L. c. 167, § 88, allowing the owner of perishable property to release an attachment upon it by giving a bond conditioned to pay the appraised value of the property, affords a strong analogy to the sections which we have been considering.

We think that it is manifest that the report of the appraisers is conclusive upon the magistrate, and that he cannot himself hear further evidence and either increase or diminish the value which they have fixed.

This conclusion makes it unnecessary for us to consider whether the sum due upon any mortgage existing upon attached property can be deducted from the value thereof in order to determine the amount for which a bond must be given under the statute in question. We do not, however, mean to intimate any approval of the argument of the respondents upon this point. It is the value of the attached property, not merely of the interest therein held by the owner of the record title, which is to be appraised, under R. L. c. 167, § 121. In this respect the statute under consideration differs from R. L. c. 197, § 28.

It is not denied that mandamus is the proper remedy to be

adopted in such a case as this. *Carpenter* v. *County Commissioners*, 21 Pick. 258, 259.

*Writ to issue as prayed for.*

*T. J. Barry*, for the petitioners.

*A. K. Cohen*, for the respondents.