**EAGLE PENCIL CO., Inc. v. U. & L. COR-PORATION et al.**

Civ. A. No. 8196.

United States District Court
D. Massachusetts.

April 29, 1949.

Phipps, Durgin & Cook, Robert A. B. Cook, Boston, Mass., for plaintiff.

Max D. Sudnovsky, Lynn, Mass., for defendant.

WYZANSKI, District Judge.

On March 3, 1949 the plaintiff, a Delaware corporation, sued the defendant, a Massachusetts corporation, upon a cause of action in which the plaintiff asserts that he is entitled to judgment in the sum of $7,041.60 with interest and costs. In accordance with the Massachusetts practice, on March 14, 1949 the plaintiff served a trustee process upon the Newton-Waltham Bank and Trust Company to reach the funds of the defendant on deposit in that bank. The trustee process names as the amount sought to be attached $10,000. As a matter of fact the amount actually reached (less an amount deducted by agreement of the parties) was $5,000.

The defendant moves to dissolve this attachment of $5,000 and moves that the corporation substitute a bond with Charles V. Labovitz and Doris Labovitz as sureties.

This motion is made pursuant to Federal Rules of Civil Procedure, rule 64, 28 U.S.C.A., adopting the practice provided by the law of Massachusetts. The applicable Massachusetts law is set forth in Mass. General Laws (Ter.Ed.) c. 223, § 120 as interpreted in Arlington Trust Company v. Le Vine, 291 Mass. 245, 197 N.E. 195. Massachusetts General Laws (Ter.Ed.) c. 223, § 120 provides that "a defendant whose property has been attached on mesne process in a civil action may, at any time before final judgment, dissolve the attachment by giving a bond with sufficient sureties, who shall be approved by the plaintiff or by his attorney in writing, by a master in chancery or by a justice of a court if the attachment is made within the jurisdiction of such justice, conditioned to pay to the plaintiff, within thirty days after the final judgment in such action, such amount, if any, as he may recover; and also to pay to the plaintiff, within thirty days after the entry of any special judgment in accordance with the provisions of chapter two hundred and thirty-five, the amount, if any, for which such special judgment shall be entered. Sureties shall not be sufficient unless they are satisfactory to the plaintiff, or unless the magistrate finds that each, if there are only two, is worth, in excess of his indebtedness, an amount equal to that for which the attachment is laid; or, if there are more than two, that they are together worth twice such amount." The Arlington Trust Company case interprets that statute as applicable to trustee process as well as to other forms of attachment on mesne process. Hence the only question which is before me is not as to the power of the Court to allow the defendant's motion but as to whether the two sureties, Mr. and Mrs. Labovitz, are each worth in excess of his or her indebtedness an amount equal to $10,000.

 Out of an excess of caution I have deliberately used the figure $10,000 not $5,000. The statute requires that each of these two sureties shall be worth "an amount equal to that for which the attachment is laid." There seems to be no Massachusetts decision determining whether the amount named in the trustee process (here $10,000) or the amount reached by the trustee process (here $5,000) is the "amount for which the attachment is laid". Read literally the phrase seems to take as the test the sum alleged in the trustee process. Cf. VI Oxford English Dictionary, page 127, meaning 26, where the verb "lay" is defined as meaning "allege" or "present * * * in legal form". Such a literal construction of the statute would serve a useful purpose because the surety is expected to respond to the full amount of the final judgment secured by the plaintiff. Moreover, such a literal reading of the statute comports with Mass. General Laws (Ter.Ed.) c. 223, § 128 which provides that where a defendant makes a deposit to secure the release of an attachment the amount must equal at least the amount of the ad damnum in the writ. However, there are some objections to such a literal construction of the statute for it seems strange to impose upon a person whose deposit has been reached by trustee process the obligation to proffer sureties who are worth more than the amount effectively reached under trustee process. To give the attaching creditor security beyond what he already has seems anomalous unless it be said that the privilege of substitution ought not to be given to a defendant unless he guarantees that if the plaintiff prevails he will be able fully to collect the judgment which he has won.

I am satisfied from the testimony that the husband and wife are tenants by the entirety of an improved parcel at 31 Boston Street, Salem, Massachusetts which is not subject to a mortgage and which is worth at least $12,000. I am also satisfied that the machinery which they own jointly is of a value at an auction sale in excess of $10,000. I am further satisfied that the combined indebtedness of Mr. and Mrs. Labovitz does not exceed $1,000 aside from a mortgage upon vacant land in Swamp-scott, Massachusetts. This mortgage is in my opinion fully secured by the land covered by the mortgage.

Under these circumstances I find and order that the trustee process may be dissolved by the corporation giving bond, with Charles V. Labovitz and Doris Labovitz as sureties, this bond being conditioned to pay to the plaintiff within thirty days after the final judgment in this action such amount, if any, as it may recover and also to pay to the plaintiff within thirty days after the entry of any special judgment in accordance with the provisions of chapter 235 the amount, if any, for which such special judgment shall be entered.