HENRY FRIEDMAN *vs.* THE FIRST NATIONAL BANK OF BOSTON.

Suffolk. January 3, 1962. — June 26, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & KIRK, JJ.

*Set-off. Bank and Banking. Assignment for Benefit of Creditors. Trustee Process.*

Upon an assignment by an insolvent of all assets for the benefit of creditors, a bank in which the assignor had a deposit in a checking account and which had not assented to the assignment became entitled to set off the deposit against a larger promissory note of the assignor held by the bank although the note was not then due. [596–597]

An assignee for the benefit of creditors not asserting a right to act for a creditor who had attached by trustee process funds of the assignor on deposit in a bank had no right as against the bank to the trusteed funds where, within G. L. c. 246, § 26, the bank, apart from the trustee attachment, was entitled to set off such funds against a larger promissory note of the assignor held by it. [597]

CONTRACT OR TORT. Writ in the Superior Court dated September 28, 1956.

The action was heard by *Barron,* J.

*Joseph Ford* for the defendant.

*Morris Michelson* for the plaintiff.

WILLIAMS, J. This is an action by the assignee for the benefit of creditors of Galco Products, Inc. (Galco), a Massachusetts corporation, to recover sums deposited with the defendant by Galco and to enforce payment of two

checks drawn on the defendant by Galco and payable to the plaintiff. The case was referred to an auditor whose findings were not to be final. It appears from his report that on May 4, 1956, Galco assigned in writing all of its assets to the plaintiff for the benefit of creditors. On this date, the balance of Galco's commercial checking account with the defendant was $2,682.88. In addition, the defendant held $999 and $200 of Galco which had been trusteed in actions by two of Galco's creditors. The defendant also held Galco's promissory note for $5,000 which was payable to it on May 10, 1956. On May 7, Galco gave the plaintiff two checks in the respective amounts of $2,000 and $800 payable to his order which he deposited in a Boston bank as assignee of Galco. On May 9 these checks were presented for payment to the defendant which then had knowledge of the assignment, and payment was refused. On advice of counsel, the defendant held the Galco deposit including the trusteed funds as a set-off against the amount due May 10 on the Galco note. Galco, in fact, was insolvent at the time of the assignment to the plaintiff and continued to be so until the time of the auditor's hearing, but no petition in bankruptcy had been filed. On May 12 and on May 18, after the checks of $2,000 and $800 had been returned unpaid, the plaintiff orally demanded payment of all amounts then on deposit in Galco's account. The defendant again refused payment. The defendant never assented to the assignment, and its claim on the $5,000 note was not included in the list of creditors given to the plaintiff by Galco.

The plaintiff's declaration is in four counts. In count 1, it is alleged that the defendant refused to pay the check for $2,000, although the funds held by the defendant were sufficient for the payment. In count 2, there were similar allegations in reference to the $800 check. In count 3, it was alleged that the defendant converted $2,682.88, the balance of the Galco account with the defendant, and that the defendant owed to the plaintiff that amount plus interest. In count 4 it was alleged that the defendant improperly applied the amounts of $999 and $200 in part payment of Galco's

note although the note was not then due. In its answer, the defendant alleged as an equitable defence that it was entitled to apply the amounts deposited with it by Galco against Galco's note, and in a declaration in set-off alleged Galco's obligation to pay the note of $5,000.

The case was tried to a judge sitting without jury on the auditor's report and certain additional evidence presented by the defendant. The judge made the same findings of fact as did the auditor and also found that the defendant on May 9, 1956, "wrongfully appropriated and applied the sum of $2,682.88, then the balance of Galco Products, Inc.'s checking account in the defendant's bank, in part satisfaction of payment of Galco Products, Inc.'s note of $5,000 to the defendant, due on May 10, 1956." In her ultimate findings the judge found for the plaintiff on count 3 in the amount of $2,682.88 with interest and for the defendant on counts 1, 2, and 4. On the defendant's declaration in set-off the judge found for the defendant in set-off. The judge properly construed count 3 as sounding in contract rather than in tort and as alleging a breach by the defendant of its contract obligation to pay the plaintiff the amount of the Galco deposit. See *Harding* v. *Broadway Natl. Bank,* 294 Mass. 13, 19. The funds which are the subject of count 3 were the absolute property of the defendant, and the relationship between the defendant and Galco was that of debtor and creditor. *Krinsky* v. *Pilgrim Trust Co.* 337 Mass. 401, 405, and cases cited.

Numerous exceptions to rulings and findings by the judge are contained in a consolidated bill of exceptions. The principal point of law at issue is presented by the defendant's exception to the denial of its request for a ruling: "11. A bank has the right of equitable set-off in an action against it for money on deposit by an assignee for the benefit of creditors of a depositor where the depositor was insolvent and continues to remain so after the time demand for payment of the deposit was made and where, at such time, the depositor was indebted to the bank on a note which exceeded the amount of the deposit but which became due after demand for payment of the deposit."

"Mere insolvency" does not give a bank the right to apply the insolvent's deposit against an unmatured note. *Spaulding* v. *Backus,* 122 Mass. 553, 556. *Wiley* v. *Bunker Hill Natl. Bank,* 183 Mass. 495, 497. *Jump* v. *Leon,* 192 Mass. 511, 515–516. *Harding* v. *Broadway Natl. Bank, supra,* at p. 18. It is clear that if Galco's bankruptcy had intervened before the maturity of the note (*Harding* v. *Broadway Natl. Bank, supra; Studley* v. *Boylston Natl. Bank,* 229 U. S. 523; Bankruptcy Act, § 68 [a], 11 U. S. C. § 108 [a] [1958]) or if statutory insolvency proceedings had been commenced (*Demmon* v. *Boylston Bank,* 5 Cush. 194, 197) set-off would have been immediately available. While no case in this Commonwealth has directly considered the effect of an assignment for the benefit of creditors upon a bank's right to set off an insolvent's deposit against an unmatured obligation, it was said in *Wiley* v. *Bunker Hill Natl. Bank, supra,* p. 498, that, if proceedings in insolvency or bankruptcy had been instituted by or against an insolvent depositor at or before the presentment of checks drawn by that depositor, and that "even if [the depositor] had made an assignment at common law for the benefit of his creditors," the bank might have had the right to apply the deposit against unmatured notes of the depositor.

We think that in the circumstances of this case, Galco's action in assigning all of its assets to the plaintiff for the benefit of creditors gave the bank a right of set-off. By its assignment Galco put it beyond its power to pay its note when it became due. The purpose of the assignment was to effect a pro rata disposition of its assets to assenting creditors (see Clarke, Set-Off of Immature Claims in Insolvency, 34 Harv. L. Rev. 178, 195), and, while the defendant's right to payment of its note was not lost, as a practical matter its ability to collect on the note was jeopardized.

There was no error in finding for the defendant on counts 1 and 2 which asserted Galco's right to have its checks payable to the assignee honored by the bank. If, as we have above held, the bank was entitled to apply the balance in the Galco account in set-off against the unmatured note, plainly

there was no balance in the checking account available for the payment of the checks. *National Mahaiwe Bank* v. *Peck,* 127 Mass. 298, 300. *Krinsky* v. *Pilgrim Trust Co.* 337 Mass. 401, 405, and cases cited.

The plaintiff had no right to the amounts trusteed in the hands of the defendant. As common law assignee, he had no greater right than Galco to require the defendant to pay over these amounts which were held to answer for any judgment obtained against Galco by its trusteeing creditors. See *Arlington Trust Co.* v. *Le Vine,* 291 Mass. 245, 247. Count 4 does not purport to assert a right in the assignee to act for the benefit of the attaching creditors. It does not appear that they had assented to the assignment, but if they had, the right of the bank to set off the trusteed funds would not have been affected. G. L. c. 246, § 26.

In view of our conclusion as to the defendant's rights in set-off, there is no occasion for further discussion of the rulings to which the plaintiff has excepted.

The defendant's exception to the denial of its request for ruling 11 is sustained and the plaintiff's exceptions to the denial of his requests for rulings are overruled. Judgment is to be entered for the defendant in the main action and for the defendant in set-off on the defendant's declaration in set-off.

*So ordered.*